**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN PAMPLIN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>R. BAKER, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:20-CV-0043-MMD-CLB<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF INDEPENDENT NEUTRAL EXPERT WITNESS AND GRANTING MOTION FOR EXTENSION OF TIME**<br><br>[ECF Nos. 42, 47] |

Before the Court are two motions filed by Plaintiff John Pamplin ("Pamplin"). The Court will address each in turn.

**1. Motion for the Appointment of Independent Neutral Expert Witness (ECF No. 42)**

Pamplin requests that the Court appoint an expert witness for trial. (ECF No. 42.) Defendants opposed the motion, (ECF No. 45), and no reply was filed.

At the outset, this case has not been set for trial. Defendants have filed a motion for summary judgment, which, if granted, may either dispose of this case in its entirety or narrow the claims going forward in this case.

Additionally, Pamplin is proceeding *in forma pauperis* in this case, (ECF No. 9); however, neither the Court nor the Defendants would be compelled to cover the cost of an expert witness. The granting of *in forma pauperis* status only adjusts the amount of filing fee that the plaintiff must prepay. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (affirming the Magistrate Judge's finding that the *in forma pauperis* statute does not waive payment of fees or expenses for witnesses). This Court declines to exercise its discretion under Rule 706(b) to appoint an expert witness and apportion related costs to one side. *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), vacated and remanded on other grounds, *Helling v. McKinney*, 503 U.S. 903 (1991). The purpose of appointing such an expert is to assist the trier of fact, not to select an advocate to plaintiff.

*Students of California School for the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), vacated on other grounds, 471 U.S. 148 (1985). Finally, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

Therefore, Pamplin's motion for appointment of expert witness, (ECF No. 42), is **DENIED**.

**2.  Motion for Extension of Time (ECF No. 47)**

Pamplin also filed a motion for extension of time to respond to Defendants' motion for summary judgment (ECF No. 43). Pamplin's motion for extension of time, (ECF No. 47), is **GRANTED**. Pamplin shall have to and including **July 26, 2022**, to file his opposition to Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

DATED: June 23, 2022.

**UNITED STATES MAGISTRATE JUDGE**