UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN PAMPLIN,<br><br>                Plaintiff,<br><br>    v.<br><br>R. BAKER, *et al.*,<br><br>                Defendants. | Case No. 3:20-CV-00043-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 43] |

This case involves a civil rights action filed by Plaintiff John Pamplin ("Pamplin") against Defendants Robert Dugan ("Dugan"), Leslie Healer ("Healer"), Michael Koehn ("Koehn"), Michael Oxborrow ("Oxborrow"), and William Moore ("Moore") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 43, 44.)[2] Pamplin opposed the motion, (ECF No. 21), and Defendants replied. (ECF No. 52.) For the reasons stated below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 43), be granted.

## I.    FACTUAL BACKGROUND

Pamplin is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Pamplin was housed at Ely State Prison ("ESP") and Northern Nevada Correctional Center ("NNCC"). Pamplin's complaint consists of two distinct sets of facts. Each are discussed in turn.

### A.    Claim One – Dry Cell

Pamplin' first claim is based on his allegations that Defendant Koehn deliberately placed him in a "dry solitary confinement" cell without running water or the ability to use

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]     ECF No. 44 is an appendix of exhibits filed in support of the motion for summary judgment.

or flush the toilet for over 21 days. (ECF No. 6 at 5-6, 8-9.) This caused Pamplin to develop an irritating rash between his legs and buttocks resulting in pain and suffering. (*Id.*) Pamplin alleges Koehn refused to treat this rash and told him to suffer, all because Pamplin's family was contacting the Warden, Harry Reid, and the Director of Prisons. (*Id.*) Pamplin was in the "dry cell" from August 15, 2014, to September 3, 2014. (ECF No. 44 at 6, 13.)

According to Pamplin's inmate grievance history, Pamplin filed four grievances in August and September of 2014 about his time spent in a dry cell. (ECF No. 44 at 57, 59-60.)

The first grievance, emergency grievance 2006-29-83863, was filed on August 19, 2014. (*Id.* at 60.) The grievance was denied because Pamplin was housed in the infirmary by medical order, and the situation was not an emergency. (*Id.*) Pamplin did not file an appeal commencing at the informal level or appeal this denial directly to the first level. (*Id.*)

The second grievance, informal grievance 2006-29-83864, was also filed on August 19, 2014. (*Id.*) The grievance was denied at the informal level because Pamplin was housed in a dry cell by medical order. (*Id.*) Pamplin did not appeal this denial to the first level. (*Id.*)

The third grievance, informal grievance 2006-29-83873, was filed on August 19, 2014. (*Id.* at 59.) The informal grievance was denied because Pamplin was placed in a dry cell based on his communications with medical staff, and he was advised of his right to refuse treatment. (*Id.*) On September 12, 2014, Pamplin appealed to the first level, but this appeal was rejected because he failed to attach copies of the informal grievance. (*Id.*) After it was resubmitted, the first level grievance appears to have been denied on December 11, 2014. (*Id.*) Pamplin did not appeal this denial to the second level. (*Id.*)

The fourth grievance, informal grievance 2006-29-85058, was filed on September 15, 2014. (*Id.* at 57.) The informal grievance was denied because Pamplin was placed in a dry cell on medical orders following his complaints to medical staff about nausea and

vomiting. (*Id.*) On January 26, 2015, Pamplin appealed to the first level, but this appeal was denied on February 9, 2015, because he was provided proper care while in the dry cell. (*Id.*) There was no appeal of this denial to the second level. (*Id.*)

### B.  Claim Two – Solitary Confinement

Pamplin's second claim is based on his allegation that he was "caged" in solitary confinement for over seven years from 2010 to 2017 by each of the Defendants. (ECF No. 6 at 5, 9.) Each Defendant told Pamplin this was because he refused to double cell, but Pamplin states this was not true. (*Id.*) According to Pamplin, each Defendant ignored Pamplin's cries for help, even though they all had knowledge of his walking disability. (*Id.*) Being left in "solitary confinement" allegedly caused Pamplin mental and physical suffering, as well as muscle pain and deterioration. (*Id.* at 9.)

On October 22, 2017, Pamplin filed informal grievance 2006-30-56575, claiming his stay in "solitary confinement" was detrimental to his health and that he was also being denied proper medical care for his drop foot, right hip, and lower back injuries. (ECF No. 44 at 19-21.) This informal grievance was rejected because it contained more than one issue, which was explained to Pamplin in the rejection letter. (*Id.* at 19.)

On November 30, 2017, Pamplin appealed this rejection to the first level. (*Id.* at 23-25.) This first level grievance was rejected because Pamplin did not resubmit his informal grievance. (*Id.* at 23.) The rejection letter advised Pamplin that he needed to resubmit the informal grievance because it had not been answered. (*Id.*)

On December 20, 2017, Pamplin appealed this rejection to the second level, including a copy of the informal and first level grievances. (*Id.* at 27-31.) This second level grievance was rejected because Pamplin filed more than one grievance during that week, and because he did not attach the proper paperwork. (*Id.*) Pamplin signed confirming that he received a copy of this rejection on January 12, 2018. (*Id.* at 27.)

## II.  PROCEDURAL HISTORY

On January 21, 2020, Pamplin submitted a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 6.) On

1  November 10, 2020, the District Court screened the complaint pursuant to 28 U.S.C. §
2  1915A(a) and permitted Pamplin to proceed on (1) an Eighth Amendment deliberate
3  indifference to serious medical needs claim based on be in placed in a dry cell, developing
4  a rash, and refusal to treat the rash against Defendant Koehn; and (2) an Eighth
5  Amendment conditions of confinement claim based on his placement in solitary
6  confinement for years for non-disciplinary reasons against Defendants Healer, Dugan,
7  Oxborrow, and Moore. (ECF No. 5.) Additionally, the following claims and defendants
8  were dismissed: (1) Americans with Disabilities Act and Rehabilitation Act claims; (2)
9  Eighth Amendment claims against Sandoval, Dzurenda, and Baker; (3) Fourteenth
10 Amendment due process claim; and (4) Fourteenth Amendment equal protection claim.
11 (*Id.*) Finally, the screening order specifically stated that the Court recognized there may
12 be "an issue of whether some of [Pamplin's] claims are barred by the applicable statute
13 of limitations." (*Id.* at 3.)

14 On April 16, 2021, Defendants filed their answer to the complaint. (ECF No. 17.)
15 Defendants asserted numerous affirmative defenses, including a defense that the action
16 is time-barred by the applicable statutes of limitations and that Pamplin failed to exhaust
17 his administrative remedies as required by the Prison Litigation Reform Act. (*Id.* at 4-5.)

18 On June 3, 2022, Defendants filed their motion for summary judgment arguing this
19 case should be dismissed because: (1) Pamplin failed to exhaust his administrative
20 remedies; and (2) Pamplin's claims are time barred. (ECF No. 43.) Pamplin opposed the
21 motion, (ECF No. 51), and Defendants replied. (ECF No. 52.)

22 **III.    LEGAL STANDARDS**

23 "The court shall grant summary judgment if the movant shows that there is no
24 genuine dispute as to any material fact and the movant is entitled to judgment as a matter
25 of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The
26 substantive law applicable to the claim determines which facts are material. *Coles v.*
27 *Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242,
28 248 (1986)). Only disputes over facts that address the main legal question of the suit can

preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its

burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting

the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

## IV. DISCUSSION

Defendants move for summary judgment on the basis that Pamplin's claims are barred by the two-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983.[3] (ECF No. 43 at 10-13.)

Since 42 U.S.C. § 1983 contains no statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims to determine whether a complaint is timely filed. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000). Therefore, in Nevada, the statute of limitations for § 1983 actions is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *see Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). Under the applicable statute of limitations, Pamplin had two years from the time of the alleged injury to commence the instance suit. *Id.* An action is deemed to be commenced when the complaint is filed. *Id.* However, the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *see also Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) ("This circuit has, with other circuits, adopted a mandatory tolling provision for claims subject to the Prison Litigation Reform Act.").

As to Pamplin's first claim related to the dry cell, Pamplin knew or had reason to know of the injury on September 3, 2014, which is the date he was moved from the dry

---

[3]   Defendants also assert that Pamplin failed to exhaust his administrative remedies. However, the Court need not address this argument as Pamplin's claims are time-barred and summary judgment is warranted on this basis alone.

7

cell. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Because Pamplin filed grievances related to the incident, the statute of limitations was tolled and began running on February 9, 2015, which is the final response date of the fourth grievance 2006-29-85058. (ECF No. 44 at 57.) The statute of limitations provided Pamplin until February 9, 2017 to file his claim. Pamplin filed his initial complaint on January 21, 2020. (ECF No. 1-1.) Thus, Pamplin missed the deadline to file his complaint by more than 2 years and 11 months.

As to Pamplin's second claim related to solitary confinement, Pamplin knew or had reason to know of the injury in October 2017, which is the date he was removed from solitary confinement. Because Pamplin filed a grievance related to the incident, the statute of limitations was tolled and began running on January 12, 2018, when Pamplin signed confirming that he received a copy of his second level grievance. (ECF No. 44 at 27.) Pamplin filed his initial complaint on January 21, 2020. (ECF No. 1-1.) Thus, Pamplin missed the deadline to file his complaint by 9 days. Therefore, based on the applicable two-year statute of limitations, each of Pamplin's claims are time-barred.

Defendants have met their initial burden to establish Pamplin failed to file his complaint within the applicable statute of limitations. The burden now shifts to Pamplin to establish that a genuine issue of material fact exists related to whether his claims are time-barred. *Matsushita,* 475 U.S. at 586. Pamplin's opposition to the motion for summary judgment does not address Defendants' statute of limitations argument and confirms that all claims existed prior to January 20, 2018. (*See* ECF No. 51.) Moreover, in failing to address these arguments, Pamplin has failed to come forward with any admissible evidence to create an issue of fact on this defense. Therefore, Pamplin has failed to meet his burden that his claims are not time-barred. Accordingly, Defendants' motion for summary judgment should be granted.

///

///

///

## V. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 43), be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 43), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**DATED** this 15th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE